PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:22-CR-171 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JAMES COLBERT, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 26] |

Pending before the Court is Defendant James Colbert's Motion to Suppress (ECF No. 26). The Court, having considered the parties' filings and applicable law, as well as the evidence and arguments presented at the evidentiary hearing held on October 18, 2022, denies Defendant's Motion.

## I. Procedural History

Defendant filed a Motion to Suppress (ECF No. 26). The Government responded in opposition (ECF No. 27). The Court held an evidentiary hearing at which the Court heard arguments from the parties and sworn testimony from Defendant James Colbert, IV, Ohio Investigative Agent Will Ford, and Ohio Investigative Agent Dane Mone. Following the evidentiary hearing, the Government submitted a supplemental response in opposition to Defendant's Motion to Suppress. See ECF No. 34. Defendant filed a post-hearing brief in support of his Motion. See ECF No. 35.

(1:22-CR-171)

## II. Factual Background

On May 29, 2021, at 11:00 p.m. Ohio Investigative Agent Will Ford was parked in an undercover vehicle in the parking lot of the Showcase bar located at 5015 Turney Road, Garfield Heights, Ohio when Defendant pulled into the same parking lot and parked next to Agent Ford.[1] *See* ECF No. 26 at PageID #: 85. While parked, Agent Ford witnessed Defendant sitting in his vehicle. Defendant's window was rolled down, and Agent Ford witnessed Defendant light an object that he believed to be marijuana. *See* ECF No. 27 at PageID #: 92. Agent Ford lowered his own window and testified to have smelled a strong odor of marijuana coming from Defendant's vehicle. *See* ECF No. 27 at PageID #: 92. Agent Ford alerted other undercover agents and officers of the marijuana odor emanating from Defendant's vehicle. *See* ECF No. 27 at PageID #: 91. Simultaneously, Defendant began driving through the parking lot toward an exit. Surveillance video showed Ohio Investigative Agent Dane Mone and Garfield Heights police enter the parking lot from the same exit where Defendant was waiting at a traffic light. The law enforcement officers pulled into the parking lot and circled behind Defendant's vehicle and executed an investigative stop. *See* ECF No. 27 at PageID #: 91. Officer Mone testified that, as he and his fellow officers approached the vehicle, he could smell a very strong odor of burnt marijuana. *See* ECF No. 26 at PageID #: 87; ECF No. 33 at PageID #: 154-155. Officers approached Defendant on both the passenger and driver's side, ordered him to exit the vehicle, and began questioning him.[2] *See* ECF No. 26 at PageID #: 86. In response to the

---

[1] Contrarily, on direct examination, Defendant testified that he did not see any car in the parking lot other than the car of his friend. *See* ECF No. 33 at PageID #: 196.
[2] Defendant testified that an officer physically stood in front of his vehicle, preventing Defendant from moving. *See* ECF No. 33 at PageID #: 199-200("[T]here was

2

(1:22-CR-171)

officers' questions, Defendant admitted that he possessed marijuana and had a firearm on his person. *See* ECF No. 27 at PageID #: 91. Agents took possession of a Springfield XD-9 mod. 2, 9mm caliber pistol and the following items after a search of the vehicle: 1) marijuana and marijuana edibles, 2) four suspected MDMA pills, 3) an open bottle of Tequila, and 4) a loaded Taurus TP738, .380 caliber pistol from the vehicle's glove compartment. *See* ECF No. 27 at PageID #: 91.

### III.     Standard of Review

> Traffic stops of automobiles are "well-established" exceptions to the warrant requirement. *Campbell v. Mack*, 777 F. App'x 122, 131 (6th Cir. 2019). A law enforcement officer may stop and briefly detain a person for [an] investigative search based on articulable facts that criminal activity is afoot. *United States v. Lott*, 954 F.3d 919, 923 (6th Cir. 2020). Officers may reasonably conclude the forthcoming of criminal activity when they observe conduct raising their reasonable suspicions. *United States v. Farrington*, 795 F. App'x 404, 408 (6th Cir. 2019). The suspicion must be based on specific and articulable facts which taken together with rational inferences from those facts reasonably warrant the intrusion. *See United States v. Bloodworth*, 798 F. App'x 842, 845-46 (6th Cir. 2019)(quoting *Terry v. Ohio*, 392 U.S. 1, 21–22, (1968). "The standard is an objective one, that determines whether "the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate."" *Id*. Whether an officer has reasonable, articulable suspicion of criminal activity is based on the totality of the circumstances. *United States v. Jones*, 673 F.3d 497, 502 (6th Cir. 2012). Developments during an investigatory stop may ripen into probable cause to search a vehicle for evidence of a crime. *United States v. Lyons*, 687 F.3d 754,769-70(6th Cir 2012). The automobile exception to the warrant requirement permits officers to search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of a crime. *Taylor v. City of Saginaw*, 922 F.3d 328 (6th Cir 2019). A court's determination of whether probable cause existed at the time of the search is a common-sense practical question to be judged from the totality of the circumstances. *Nykoriak v. Wileczek*, 666 Fed. Appx. 441 (6th Cir 2016).

*United States v. Logan*, 2022 WL 3681812 (N.D.Ohio, 2022) (Pearson, J.)

---

a cop standing in front of the car . . ."). Contrary to Defendant's testimony, surveillance video showed officers flash their lights and approach Defendant's vehicle, however, no officer is seen standing in front of Defendant's vehicle.

3

(1:22-CR-171)

### IV. Analysis

The matter before the Court rests on whether the actions of Defendant, viewed by a totality of the circumstances, established reasonable suspicion for Agents Mone and Ford to execute the stop. As indicated above, the Fourth Amendment permits officers to make brief investigatory stops, known as "*Terry* stops," if they have "reasonable suspicion of criminal activity." *United States v. Sheckles*, 996 F.3d 330, 343 (6th Cir. 2021). "[O]fficers need only 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Id.* As also indicated above, a *Terry* stop may ripen into probable cause to search a vehicle for evidence of a crime.

The "distribution, possession, sale, and use of marijuana is illegal under federal law." *Close v. Eldo Organic, LLC*, 2:22-CV-1630, 2022 WL 3053751 (S.D. Ohio Aug. 2, 2022) (citing 21 U.S.C. § 841). As of the issuance of this Order, "several states allow for the recreational use of marijuana, but Ohio does not." *State v. Allen*, 2022-Ohio-1419, 188 N.E.3d 688, 693.

Defendant argues that he was smoking a cigar, not marijuana, when he left his place of employment and was stopped by Agent Mone. *See* ECF No. 26 at PageID #: 88. Defendant notes that because he lit a cigar, and not marijuana, it would not have been possible for the officers to conclude that they smelled burnt marijuana coming from his vehicle. *See* ECF No. 26 at PageID #: 88. Furthermore, Defendant alleges that the officers' testimony lack credibility due to two inconsistencies. Defendant asserts that both the darkness of the parking lot and the tinted windows of Agent Ford's car would have made it highly unlikely that Agent Ford could accurately describe Defendant's

4

(1:22-CR-171)

vehicle to Agent Mone.  *See* ECF No. 35 at PageID #: 250.  Secondly, Defendant claims that Agent Mone falsely testified about where Agent Mone entered the parking lot.  *See* ECF No. 35 at PageID #: 251.  Agent Mone testified to have entered the parking lot from the other side of the parking lot (using the entrance).  *See* ECF No. 33 at PageID #: 138.

Contrarily, the Government contends that, Agent Ford watched Defendant light marijuana, not a cigar, before attempting to leave the parking lot, thus establishing the reasonable suspicion needed for the *Terry* stop conducted by Agent Mone and the Garfield Heights police officers.  *See* ECF No. 27 at PageID #: 92.  Furthermore, the Government contends that after Defendant's vehicle was stopped, a strong odor of burning marijuana emanated from the vehicle, which provided the agents with adequate probable cause to persist with the stop.  *See* ECF No. 27 at PageID #: 92.

Inconsistencies exist between the positions taken by the parties and evidence of record.  Agent Mone testified that he and the police officers entered the parking lot from a different side of the plaza than the surveillance video showed them using.  The video clearly shows that, just before stopping Defendant, Agent Mone and the accompanying police officers entering the parking lot through the exit where Defendant was waiting at a traffic light, as Defendant testified.  Additionally, Defendant's testimony that Agent Mone and the police officers blocked his vehicle is contradicted by that same video evidence which does not show an officer standing in front of Defendant's vehicle nor any car physically blocking Defendant's way.[3]  The Court finds these inconsistencies to be about matters insignificant to the Court's ultimate ruling because parties often remember facts, especially

---

[3] *See* Footnote 2.

5

(1:22-CR-171)

nonsignificant facts, differently.  The Court finds the testimony of Agents Mone and Ford credible on the matters that create reasonable suspicion and, ultimately, probable cause.  The officers lawfully executed the *Terry* stop that led to probable cause for the seizure of the drugs and firearms.

"Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence ... have no place in the [probable-cause] decision." *Fla. v. Harris*, 568 U.S. 237, 243-44 (2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 235 (1983)).  Furthermore, courts have "rejected rigid rules, bright-line tests, and mechanistic inquiries in favor of a more flexible, all-things-considered approach." *Id.*  It follows that the agents did not need to be sure that the cigar Defendant lit was marijuana, so long as they reasonably believed that it was marijuana.  The same logic applies to the odor emanating from Defendant's vehicle.  *See United States v. Hall*, 20 F.4th 1085, 1099 (6th Cir. 2022) (citing *United States v. Brooks*, 987 F.3d 593, 599 (6th Cir. 2021) (noting that "our court has long held that officers have the required probable cause when they detect the odor of illegal marijuana coming from the vehicle" and that such a smell permits a warrantless search of the vehicle).  In other words, Agent Ford's belief that he smelled burning marijuana after Defendant lit the cigar was sufficient to permit the investigative stop.  The stop provided probable cause that illegal activity—smoking marijuana—was afoot.  *See e.g.*, *United States v. McCallister*, 39 F.4th 368, 375 (6th Cir. 2022) ("Nor is it compelling that the marijuana odor could have been a legal substance, like hemp, instead of illegal marijuana. Reasonable suspicion, remember, does not require proof that the suspect committed a crime.")  Therefore, the Court finds that the officers established the requisite

(1:22-CR-171)

reasonable suspicion and, later, probable cause to conduct the investigative stop and eventually seize the evidence at issue.

### V.     Conclusion

For the reasons given above, Defendant's Motion to Suppress (ECF No. 26) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| December 19, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

7